UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21579-CIV-MARTINEZ/MCALILEY

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE, subscriber assigned IP address,
66.229.129.42,

    Defendant.
_____/

### ORDER PERMITTING PLAINTIFF TO SERVE THIRD-PARTY SUBPOENA BEFORE RULE 26(f) CONFERENCE AND PROTECTIVE ORDER

This cause is before the Court on Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [DE 5], referred to me by the Honorable Jose E. Martinez. [DE 7]. For the following reasons, the motion is granted.

On May 2, 2013, Plaintiff filed a Complaint against a yet-to-be-identified Defendant, who has been named John Doe. According to the Complaint, John Doe used peer-to-peer file sharing software to gain access to the BitTorrent file distribution network, to download to his or her computer digital movie files that contain adult pornographic content. Plaintiff alleges that it holds the copyright to these digital files, and that John Doe has infringed that copyright. [DE 1].

Plaintiff further alleges that through its investigation, it has identified the Internet Protocol (IP) address assigned to the computer that John Doe used to access Plaintiff's

copyrighted material. It has also determined that John Doe, at the time of his or her alleged infringing activity, received Internet services from Comcast Cable, its Internet Service Provider (ISP). [*Id*].

In the current motion, Plaintiff states that the only way it can identify John Doe is to issue a subpoena under Federal Rule of Civil Procedure 45, to Comcast, directing it to provide subscriber information about John Doe.

A number of courts have raised concerns about similar copyright infringement cases, and for that reason the Court held a hearing on Plaintiff's motion on June 12, 2013, attended by Plaintiff's counsel. The Court discussed Plaintiff's allegation that John Doe "is the most likely infringer." [DE 1, p. 5, ¶ 24]. Plaintiff's counsel acknowledged that the subscriber to the IP address may not, in fact, have downloaded or viewed the films in question, and thus may not be liable for copyright infringement. The accuracy of Plaintiff's allegations is something that will be determined only after more evidence is gathered.

The Court also expressed its concern that once notified of this lawsuit, John Doe could feel pressured to quickly settle this matter to avoid his or her name being publically identified as an alleged user of adult pornographic films, regardless of his or her liability. The Court discussed with Plaintiff's counsel certain procedural safeguards for John Doe, meant to reduce the risk of a coercive settlement. Plaintiff's counsel assured the Court

2

that Plaintiff has no intention of coercing a settlement, but rather is proceeding with the legitimate purpose of enforcing its copyrights.

The Court hereby enters the following **ORDERS**:

1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [DE 5], is **GRANTED**.

2. The Court finds that Plaintiff has established that good cause exists for it to serve a third-party subpoena on Comcast Cable, the ISP identified in the Complaint, because a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case. *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008); *Malibu Media, LLC v. John Doe*, No. 13-61022-CIV-DIMITROULEAS/SNOW (S.D. Fla. May 14, 2013)(collecting cases).

3. Plaintiff may serve the ISP with a Rule 45 subpoena directing it to provide Plaintiff with the true name, address, telephone number, and e-mail address of the person to whom the ISP assigned the IP address identified in the Complaint. Plaintiff shall attach to any such subpoena a copy of the Complaint, including all exhibits, and this Order.

4. Upon receipt of Plaintiff's subpoena, the ISP shall provide John Doe with a copy of the Complaint and this Order, and inform him or her that he or she may move to quash the subpoena, or otherwise contest having his or her identifying information

released to Plaintiff, within thirty (30) days of being served with the subpoena by the ISP. If John Doe does not contest the subpoena, at the conclusion of that period Comcast will provide Plaintiff the information sought by the subpoena.

5.   If John Doe does move to quash the subpoena or otherwise asks the Court to order Comcast to not release his or her identifying information to Plaintiff, John Doe must notify the ISP of this fact, so that the ISP knows to not release John Doe's information to Plaintiff until the Court rules on John Doe's motion.

6.   Considering the sensitive nature of Plaintiff's allegations that John Doe unlawfully downloaded adult pornographic images, and the potential for embarrassment to John Doe, the Court hereby enters a protective order permitting John Doe to proceed anonymously in this lawsuit, and directing that John Doe not be publicly identified by his or her true name or other identifying information, as the Defendant in this action, until further order of the Court. *See* Fed. R. Civ. P. 26(c) (permitting a court to enter a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").[1]  Plaintiff and the ISP are prohibited from publicly disclosing John Doe's personal identifying information, other than as provided in the subpoena, absent further order by the Court.

---

[1] John Doe may wish to be identified by his or her true name, and once he or she enters an appearance in this matter may notify the Court of this so that the Court might enter an order vacating the protective order contained in paragraph 6 of this Order.

...

7. The ISP may qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

If so, it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

The ISP may do so by sending a copy of this Order to John Doe.

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED in chambers in Miami, Florida this 14th day of June, 2013.

*Chris McAliley*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Jose E. Martinez
All counsel of record